Castle v. Bader.

---

## CASTLE *et al. v.* BADER *et al.*

| 23 | 75 |
|----|----|
| 80 | 633 |
| 23 | 75 |
| 82 | 321 |
| 23 | 75 |
| 143 | 611 |
| o143 | 613 |

In order to set aside a judgment or conveyance on the ground of fraud, it is not sufficient to aver in general terms that such judgment or conveyance was fraudulent, but the facts and circumstances constituting the alleged fraud must be set forth.

Where a creditor files a bill to cancel and set aside a judgment, rendered against his debtor, on the ground that it is fraudulent, and to reach the property of the debtor and have it applied in satisfaction of his demand, the complaint must aver, either that the plaintiff has acquired a lien on the property he seeks to reach, or that he has recovered a judgment upon which an execution has been issued and returned no property found.

APPEAL from the Fifteenth Judicial District, Butte County.

The facts are stated in the opinion of the Court.

*J. M. Burt*, for Appellants.

The complaint admits the judgment of John Bader against Charles Bader, and avers no fact or circumstance to establish its invalidity. The complaint does not charge that the attachment or execution in plaintiffs' respective cases had been levied upon the property that had been attached in the case of *Bader* v. *Bader*. Without a levy they, nor either of them, could have any lien on

the property, and without a lien on the property, they could not attack the judgment, or the lien, or the execution in Bader's case.

*H. O. Beatty*, for Respondents.

[No brief on file.]

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action brought by the plaintiffs, creditors of the defendant Charles Bader, to set aside and cancel a judgment rendered in favor of the defendant John Bader, against Charles Bader, and to apply certain property, levied upon by the Sheriff under the latter judgment, in payment of the plaintiffs' claims. The action was tried by the Court, who found for the plaintiffs, and rendered judgment accordingly, from which, and from an order overruling a motion for a new trial, the defendants appeal.

One error assigned by the appellants is that the complaint does not state facts sufficient to constitute a cause of action. It avers that the plaintiffs, Castle & Freeborn, commenced suit against Charles Bader, January 16th, 1862, and caused an attachment to issue, which was placed in the hands of the Sheriff, and on the twenty-eighth day of January, 1862, they recovered judgment therein; that on the sixth day of February, 1862, the other plaintiffs, Tandler & Co., commenced a suit against Charles Bader, in which an attachment was also issued and placed in the hands of the Sheriff; that on the sixteenth day of January, 1862, John Bader, conspiring with Charles Bader to defraud the creditors of the latter, commenced a suit against him, caused an attachment to issue therein by which the Sheriff attached all the property, real and personal, of the defendant therein, and on the thirty-first day of January the clerk entered judgment therein by default for $1,306 64 and eighty-four dollars costs, and they aver that they are informed and believe that Charles Bader is not indebted to John Bader in said sum of $1,306 64, or any other sum whatever, and that the judgment was obtained to hinder, delay, and defraud the plaintiffs. They also aver that the Sheriff threatens to sell the

Castle *v.* Bader.

property and pay the proceeds on the judgment of John Bader, and that Charles Bader has no other property.

In order to set aside a judgment or conveyance on the ground of fraud, it is not sufficient to aver in general terms that such judgment or conveyance was fraudulent, but the facts and circumstances constituting the alleged fraud must be set forth. (*Kinder* v. *Macy*, 7 Cal. 206.) The only fact charged to sustain the allegations of fraud is, " that Charles Bader is not indebted to John Bader " in the amount of the judgment or any other sum. It does not charge that he was not justly indebted in that sum at the commencement of John Bader's suit, or at the time of the rendition of the judgment; nor does it aver that John Bader's debt has been paid, satisfied, or discharged in any way.

The findings of the Court on this point are entirely insufficient to sustain the charge of fraud. They are, that the promissory notes on which the principal part of the judgment was rendered " were never filed with the Clerk, nor have they ever been produced in Court; " and " that a part of the eighty-four dollars' costs, to wit : the sum of forty-five dollars, is for receiver's fees, a charge not allowed by law, and for which the Clerk had no authority to enter judgment." The Court does not find that no such promissory notes ever existed, or that there was no debt due John Bader at the time the suit was commenced, or the judgment rendered, or the commencement of this action, which were the facts essential to sustain the charge of fraud made in the complaint. The mere fact that the notes were never filed with the Clerk or produced in Court, did not show or tend to show that no debt existed in favor of John Bader against Charles Bader. If the complaint had charged that no such notes were ever made or ever existed, then the defendants would have known that they would be required to produce them, or prove that they existed; but no such charge was made.

The fact that the attorney of John Bader, in making up the bill of costs, included an item of forty-five dollars, which he may not have been entitled to charge as part of the costs, is no evidence that the debt on which the judgment was rendered was fraudulent. It was merely a collateral matter, a mere incident of the debt. A

mere error or irregularity in making out a bill of costs cannot have the effect of invalidating a judgment otherwise correct. This item of forty-five dollars seems to have been a payment made to the Sheriff for keeping the attached property, and the statute allows the Sheriff compensation for such services, to such an amount as the Court shall certify to be just and reasonable. (Wood's Dig. 443, 444, Sec. 29.) And such compensation the plaintiff had a clear right to tax as part of his costs. No objection seems to have been made that the sum thus paid to the Sheriff was unreasonable. Besides, the defendant John Bader offered to remit this sum of forty-five dollars and deduct it from the costs in his judgment, but it was not allowed. It results that neither the facts alleged in the complaint or as found by the Court, are sufficient to sustain the charge of fraud.

There is also another objection to the complaint, that it does not aver or show that the plaintiffs have acquired any lien upon the property they seek to reach and have applied in satisfaction of their debts, or that they have obtained judgments on their debts on which executions have been issued which have been returned no property found. (*Hyneman* v. *Danenburg*, 6 Cal. 376; *Thornbury* v. *Hand*, 7 Id. 554.) The complaint does not state whether the property levied upon by the Sheriff was real or personal, or consisted of both kinds; nor does it aver that the attachments issued by the plaintiffs were ever levied upon the property by which they would have acquired an attachment lien. In these respects the complaint is defective.

The judgment is reversed and the cause remanded.