SUSAN WHITLEY, Sole Executrix of the Estate of A. H. WHITLEY, Deceased, Appellant, v. D. H. MURPHY, Clerk of Marion County, L. S. SCOTT, Sheriff of Marion County, S. T. BURCH, Sheriff of Polk County, N. B. HUMPHREY, District Attorney Third Judicial District, and STATE OF OREGON, Respondents.

Appeal—Effect of, in Criminal Cases.—An appeal in a criminal case does not vacate the judgment appealed from in the court below.

Idem—When Death of Defendant Abates.—When an appeal in a criminal case *abates* by the death of the prisoner, the judgment in the court below is left in full force for the costs and disbursements of the action.

Judgment in Criminal Action.—A judgment in a criminal action, so far as it requires the payment of money, whether the same be a fine or costs and disbursements of the action, or both, may be enforced as a judgment in a civil action.

Lien of State upon Property of Felon.—In all cases of the commission of a felony the State has a lien from the time of such commission upon all the property of the defendant, for the pupose of satisfying any judgment which may be given against him for the costs and disbursements in the proceedings against him for such crime.

Taxation of Costs—Relief against, when Fraudulent.—Upon a proper showing the party injured is entitled to relief from the illegal and fraudulent taxation by a county clerk of the costs and disbursements in a criminal case.

Appeal from Marion County.

This is a suit in equity to enjoin the collection of costs and disbursements in the case of the State o  Oregon against said A. H. Whitley, deceased.

The complaint shows that the said Susan Whitley is the sole executrix of the estate of A. H. Whitley, deceased. That said A. H. Whitley died on the 6th day of October, 1873. That on the 17th of October, 1873, appellant was duly appointed sole executrix of the estate and immediately qualified and entered upon the discharge of her trust and is still acting as such. That in November, 1872, the said A. H. Whitley was defendant in a criminal action, prosecuted by the State of Oregon, in the county of Polk, against him for an assault with intent to kill, committed against the person of Tilmon Glaze; that afterwards the case was transferred to the county of Marion for trial and was tried at the June term, 1873.

That the trial resulted in the conviction of Whitley of an assault with intent to kill said Glaze; that judgment was rendered upon the conviction that said Whitley be imprisoned in the penitentiary for one year and pay the costs and disbursements of the action.

That an appeal was duly taken by Whitley to the Supreme Court and the certificate of Judge Bonham obtained that there was probable cause for said appeal.

That on the 6th day of October, 1873, the said Whitley was shot and killed; that afterwards, on the 21st day of January, 1874, the said Supreme Court, without notice to the executrix, and without bringing her into court, or by a suggestion of the death of said Whitley being made of record, and without the substitution of plaintiff as the legal representative of his estate, adjudged "that said appeal do abate;" that this court sent its mandate to that effect to the court below; that the court did not abate the action or make any other judgment in the cause, except to abate the appeal.

That the court did not make any order regarding the costs in the case.

Then follows a general allegation that the costs were illegally taxed, and that an execution was issued on the judgment of conviction against Whitley for the costs and disbursements of the trial, amounting to $1870.50, which was

levied upon Whitley's property, and closing with a prayer for an injunction against the defendants.

To this complaint defendants, by their counsel, interposed a demurrer containing fourteen specifications as grounds of demurrer.

The court below sustained the demurrer and dismissed the cause, from which ruling upon said demurrer plaintiff appeals and brings the case into this Court.

*E. C. Bronaugh, P. C. Sullivan and G. W. Lawson,* for Appellant.

*John Kelsay and J. J. Whitney, District Attorney,* for Respondents.

By the Court, BURNETT, J.:

In this case, the principal question presented is, whether the appeal in a criminal case vacates the judgment entered in the court below, or simply suspends its operation?

The Criminal Code (page 371, § 237), provides that "an appeal from a judgment on a conviction stays the execution of the judgment, upon filing, with the notice of appeal, a certificate of the judge of the court in which the conviction was had, or of a judge of the Supreme Court, that in his opinion there is probable cause for the appeal, but not otherwise." That is to say, if a defendant in a criminal action can get that kind of a certificate from the judge, he would be relieved from the effects of the judgment against him during the pendency of the appeal, otherwise the judgment would be enforced against him, notwithstanding his appeal; hence the appeal does not even suspend the judgment, much less vacate it; and a prisoner might be incarcerated in the penitentiary under a judgment of the Circuit Court while his appeal from that judgment would be undergoing judicial investigation in this Court, and if the judgment under which he was imprisoned should be affirmed, there would be no ground for saying that there were two judgments against him. Taking into view the different provisions of the statute, it would seem very clear that an

appeal in a criminal case does not vacate the judgment, nor suspend its operation, except in those cases where the certificate of the judge is obtained of probable cause, and this view appears to be sustained by all of the authorities, except the case in 64 N. C. Rep. (p. 599). In the case in 12 Maryland (p. 322), cited by appellant's counsel, the court says: "The judgment in a criminal cause cannot be considered as final and conclusive to every intent, notwithstanding the removal of the record to a superior court. If this were so, there would be no use in taking the appeal or suing out a writ of error. To be sure, this does not operate to stay the execution of the sentence, if the State chooses to proceed on the judgment; but when decided in favor of the accused, the reversal will operate as far as possible for his relief."

That would be just the result under our statute in cases where no certificate was obtained from the judge, of probable cause, and it does not appear that the Maryland statute had any provision like ours for staying the execution of the judgment during the appeal.

The case in 64 N. C., before referred to, holds that an appeal in a criminal case in that State vacates the judgment appealed from. Whether the statute under which that decision was made is like the statute of this State, or not, does not appear, and it is fair to presume that it was different from the Maryland statute and different from ours, or no such decision would have been made.

If, then, the execution of the judgment in this case in the Circuit Court was merely suspended by the appeal, together with the certificate of the judge, whenever that appeal abated it left the judgment in the court below in full force. When the judgment was rendered against Whitley that he be imprisoned in the penitentiary for one year, and pay the costs and disbursements of the action, it devolved upon him to procure a reversal of that judgment if he expected to escape the sentence inflicted by it, or save his property from the payment of the costs and disbursements adjudged against him. That he had taken steps to get it reversed does not signify; his dying as completely satisfied the sentence of the law as if he had lived and

served out his time in the penitentiary; but it did not satisfy the judgment for costs and disbursements any more than his serving out his time in the penitentiary would have done.

It is claimed by counsel for appellant that, admitting that the execution of the judgment against Whitley was only suspended by the appeal and certificate of the judge, yet the death of Whitley, preventing the judgment from being carried into effect, so far as it inflicted punishment upon the person of the defendant, the costs and disbursements of the action cannot now be collected from Whitley's property, as they were the mere incidents to the judgment of conviction; or, in other words, that you cannot enforce part of the judgment, without enforcing the whole of it. But this position is not tenable. The statute, in the first place, provides that the State shall have a lien against the property of the defendant for costs and disbursements in cases of a felony, from the time of the commission of the offense. (Criminal Code, § 763.)

Again, it is provided that a judgment that the defendant pay costs and disbursements shall be docketed as a judgment in a civil action, and enforced in the same manner. (Criminal Code, §§ 211, 212.)

That portion of the judgment inflicting imprisonment would have to be enforced as provided by § 214 of the Criminal Code, which is by delivering the body of the defendant, together with a copy of the judgment, to the keeper of the prison; thus showing that the judgment is carried into effect by two separate and independent kinds of process, and the failure to enforce one part of the judgment no more invalidates the other than the enforcement of one part satisfies the other. Suppose that Whitley, instead of taking an appeal, had left the country, it would hardly be contended that his property would not be liable for the costs and disbursements of the criminal action, independent of the liability of his bondsman, Or, suppose that he had served out his time in the penitentiary under the sentence inflicted by the judgment; that would satisfy that part of

the judgment, but it would still stand as to the costs and disbursements, and be a lien on all of his property.

It is claimed by appellant's counsel that the execution was not issued in pursuance of subdivision 2, of § 273 of the Code; but in looking into the complaint it appears that no issue is tendered upon that point, and as there is no copy of the execution annexed to the complaint we are bound to presume ,that it was issued in accordance with the law. (Civil Code, § 766, Subd. 15.)

It is further claimed by the appellant, that the amount of costs and disbursements taxed against the defendant in the case of the State of Oregon against Whitley is incorrect and a part of it should not be paid, and that if Whitley's property is liable still, his representatives are entitled to contest the correctness of the amount taxed. It is no doubt correct that if these costs and disbursements are illegally and fraudulently taxed, the appellant has a right to have that taxation corrected.

The only provisions of the statute relating to the taxation of costs in criminal cases are found on page 315, § 1043 of the Civil Code, and page 606, §§ 20 and 21 of the General Laws. There is no provision for an appeal from the clerk's taxation of costs and disbursements in criminal cases, and the only relief a party would have would be under the former practice, to apply to the court by a motion to correct the taxation made by the clerk. Admitting that a party might have a remedy in that way, he is not bound to take that course, and if Whitley was now living and an execution had been levied upon his property to pay these costs and disbursements, he would have a right to come into court and show that a fraud had been practiced on him in the taxation of the costs. But the allegations of the fraud in this kind of a case must be the same that they would be in any other. Where a court of equity is called on to interfere in case of fraud, a bill for relief on the ground of fraud must be specific in stating the facts which constitute the fraud; it is not sufficient to charge fraud in general terms. (*Kent* v. *Snyder*, 30 Cal. 666; *Castle* v. *Bader*, 23 Cal. 75; *Moore* v. *Green*, 29 How. Pr. 69.)

In this case the allegations in the bill are too general. There are no specific facts alleged upon which issue could be taken and evidence introduced to show in what respect the taxation of the costs and disbursements was illegal and fraudulent.

Judgment affirmed and complaint dismissed without prejudice.