## PHARAOH v. BURNETT & MOORE et al.

No.. 15322—Opinion Filed Sept. 8, 1925.

Rehearing Denied Oct. 27, 1925.

**1. Sales—Passing of Title at Time of Contract.**

Where there is an unconditional contract of sale of specific goods in a deliverable state, the general rule is that the property in the goods passes to the buyer when the contract is made, and it is immaterial whether the time of payment or the time of delivery or both be postponed.

**2. Same—Statute of Frauds Inapplicable.**

In this case, record examined, and held, that the sale was a completed sale, and that the statute of frauds does not apply.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by G. W. Burnett and W. D. Moore against O. J. Pharaoh. From judgment for plaintiffs, defendant appeals. Affirmed.

E. G. Eggleston and J. C. Wright, for plaintiff in error.

E. W. Smith, for defendants in error.

Opinion by MAXEY, C. This action arose out of a contract between plaintiffs and defendant made on the 25th day of November, 1922, whereby the defendant purchased from the plaintiffs certain hay contained in plaintiff's barn in the city of Henryetta, whereby the defendant agreed to pay $12 per ton on a basis of 30 bales to the ton, for 65 tons of hay. The defendant asked permission to leave the hay in the barn until he should remove his cattle up from where they then were to a place near where the hay was located, to which the plaintiffs gave their assent, and the hay remained in plaintiffs' barn until sometime the following January, when it caught fire and burned up. After the fire, the defendant took so much of said hay as had not been damaged by fire and converted it to his own use. There is very little dispute about the facts in the case. The principal bone of contention is as to whose hay it was at the time of the fire.

It is clear to us from the testimony that the parties to the contract understood that the hay belonged to the defendant; that it was permitted to remain in plaintiffs' barn

with plaintiffs' consent, and plaintiffs did not exercise any dominion over it after the sale to the defendant. It appears that Mr. Burnett, one of the plaintiffs, consummated the sale with the defendant, Pharaoh, and the other plaintiff was not present. When he returned home, on being informed by Burnett that he had sold the hay to Pharaoh, Mr. Moore said that he had sold two tons of the hay to Mr. Mondel and he had paid for it.

Mr. Burnett saw Mr. Pharaoh a short time after this conversation with Mr. Moore, and told him that Mr. Moore had sold two tons of the hay to Mr. Mondel before he, Burnett, sold it to Pharaoh, and asked Pharaoh if they should permit Mondel to take it out, and Pharaoh said: "Yes, let him have it, but not let any more of it be taken out," and Burnett told him they would not. On the day of the fire, Pharaoh was present at the fire and talked to several parties, in which he said the hay belonged to him and mentioned another fire or two he had had previous to this.

After the fire department had put the fire out, Pharaoh employed watchmen to look after the hay that night, and a day or two afterwards. Pharaoh wrote to the plaintiff the following letter:

"O. J. Pharaoh, Henryetta, Oklahoma, March 15, 1923.
"Burnett & Moore,
   "City.
"Gentlemen:
"Please find enclosed check in amount of $92, same being for 230 bales of hay at $12 per T.
"I got 200 bales of hay after the barn had burned, and to the best of my knowledge it was 30 bales I got before the barn burned. If there is any mistake in this, I will be more than glad to have you notify me as to same.
                    "Yours truly,
                "(Signed)   O. J. Pharaoh."
And attached the following check:
"O. J. Pharaoh, Henryetta, Oklahoma, March 15, 1923.
"Pay to the order of Burnett & Moore $92. Ninety-two and no/100 dollars. Indorsed by payee this check becomes receipt in full for account as per statement below.
"To the Citizens Bank,        O. J. Pharaoh,
   "Henryetta, Okla.        By McGinnis."

It will be noticed that Pharaoh states in the letter that it is for 230 bales of hay at $12 per ton, and that he got 200 bales of

the hay after the barn had burned, and 30 bales he got before the barn burned.

It seems to us there can be no mistake about the delivery of the hay and its acceptance. The case was tried to the court and a jury, and a verdict was returned for the plaintiffs for $780, less check for $92, the $92 being the check mentioned in defendant's letter above quoted.

The defendant demurred to the petition and also objected to the introduction of any testimony, and at the close of all the testimony, moved for an instruction for defendant, all of which was overruled. These demurrers were based on the statute of frauds, which provides that:

"An agreement for the sale of goods, chattels, or things in action, at a price not less than $50, unless the buyer accept or receive part of such goods and chattels, or the evidences of some of them, of such things in action, or pay at the same time some part of the purchase money. * * *" Sec. 5034, C. O. S. 1921.

Counsel for plaintiff in error have devoted a large part of their brief to a discussion of this statute and citation of authorities, but in our judgment, this statute does not apply to the facts in the case. We think it was an executed contract, a complete sale and delivery of the hay and acceptance by the defendant. It is true that the hay was not to be paid for at the time, but we do not think that makes any difference. Sections 5016 and 5017, Elliott on Contracts, vol. 5, page 1167, are as follows:

"Sec. 5016.    Transfer of Title—Specific Goods—Intention. Where the contract is for the sale of specific goods or ascertained goods, the general rule is that the property in them is transferred to the buyer at such time as the parties intend it to be transferred. For the purpose of ascertaining and determining the intention, regard is had to the terms of the contract, the conduct of the parties, and the circumstances of the case. It is not always easy, however, to determine the intention of the parties, and to aid in so doing, certain rules have been adopted which are generally applied, whenever a different intention does not appear."

"Sec. 5017.   Rules to Ascertain Intention—Goods in a Deliverable State. Where there is an unconditional contract of sale of specific goods, in a deliverable state, the general rule is that the property in the goods passes to the buyer when the contract is made, and it is immaterial whether the time of payment or the time of delivery, or both, be postponed. Goods may be said to be in a 'deliverable state' within the meaning of this and the following rules

when they are in such a state that the buyer would, under the contract, be bound to accept or take delivery of them."

Section 5016 provides, among other things, that if it was intended by the parties that the goods were transferred at the time, the sale is complete, and for the purpose of ascertaining the intention of the parties, the conduct of the parties, and the circumstances of the case, are proper matters to consider, and section 5017 provides that where there is an unconditional contract of sale of specific goods in a deliverable state the general rule is that the property in the goods passes to the buyer when the contract is made, and that it is immaterial whether the time of payment or time of delivery, or both, be postponed.

It is also contended by plaintiff in error that the defendant, Pharaoh, was liable for only so much of the hay as he received. With this contention we cannot agree, under the circumstances of the case. We think that Elliott on Contracts, section 5024, page 1177, vol. 5, states the correct rule:

"Sec. 5024. Risk of Loss. Res periit domino is the general rule and 'The common law fixes the risk where the title resides.' Therefore, in the absence of anything to the contrary, the goods remain at the seller's risk until the property therein is transferred to the buyer; but when the property therein is transferred to the buyer, the goods are at the latter's risk no matter whether they have been actually delivered to him or not. It may be agreed, however, that the property shall be in the one and the risk in the other. And where delivery has been delayed by the fault of one of them the risk has been held to be that of the party in fault as to any loss which would not have occurred but for such fault."

This case was tried to a jury and plaintiff in error has saved exception to the refusal of the court to give one instruction as follows:

"You are further instructed that unless you find from the evidence that the defendant accepted or received part of the hay alleged to have been sold to him by the plaintiffs, you must find for the defendant."

We think this instruction is fully covered by instruction No. 3 of the court's general instructions, which is as follows:

"Gentlemen of the jury, you are instructed that in this connection that the petition of the plaintiff herein alleges a sale and delivery of the entire amount of hay in the barn of the plaintiffs in the location in Glendale addition. Therefore, you are instructed that unless you find by a preponderance of the evidence that the plaintiff

sold and delivered the entire amount of hay located as aforesaid, and the defendant accepted and received the same, your verdict should be for the defendant."

We have examined the entire charge of the court, and in our judgment it covers the law applicable to the case, and the only question of fact in the case was the sale and delivery of the hay, and the jury has found on that question, and in our judgment, there is ample testimony to support the finding of the jury, and, under a long line of decisions of this court, when a question of fact is submitted to a jury and their finding is reasonably supported by the testimony, their verdict will not be disturbed on appeal to this court.

Finding no error in the trial of the case, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. p. 279; anno. 26 L. R. A. (N. S.) 7; 24 R. C. L. p. 15; 3 R. C. L. Supp. p. 1355, 5 R. C. L. Supp. 1269. (2) 27 C. J. pp. 233, § 240, 385, § 479.