## LHEVINE v. TULSA INDUSTRIAL LOAN & INV. CO.

No. 15621—Opinion Filed Sept. 15, 1925.

Rehearing Denied Oct. 6, 1925.

(Syllabus.)

**Chattel Mortgages—Lack of Witnesses—Priority Over Lien of Attaching Creditor With Notice.**

A chattel mortgage executed in good faith for a valuable consideration, which was not witnessed, as required by law, is valid between the parties, and the lien created by such mortgage is superior to that of an attaching creditor with actual notice of such mortgage where such creditor had notice of such mortgage prior to attaching the mortgaged property.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by the Tulsa Industrial Loan & Investment Company against M. B. Lhevine. Judgment for plaintiff, and defendant appeals. Affirmed.

Samuel A. Boorstin and J. D. Johnston, for plaintiff in error.

Bell & Fellows and Stanley D. Campbell, for defendant in error.

CLARK, J. This action was commenced in the district court of Tulsa county by the Tulsa Industrial Loan & Investment Company, defendant in error, against M. B Lhevine, plaintiff in error. The parties will be referred to as they appeared in the lower court.

Plaintiff in its petition alleged that on the 8th day of December, 1923, S. Handler and F. N. Handler made, executed, and delivered to Gramm-Bernstein Truck Sales Company their promissory note in the sum of $1,000, payable $100 the 8th day of January, 1924, and $100 each calendar month thereafter until paid. Plaintiff further alleged that at the same time and place a chattel mortgage was made and executed by the Handlers on one Stephens automobile, as security for said note. Plaintiff further alleged that said mortgage was regularly filed with the county clerk, and that on about the 8th day of December, 1923, said note and mortgage were sold, transferred, and assigned by the said Gramm-Bernstein Truck Sales Company to the plaintiff herein. Plaintiff alleged that default had been made in the terms and condition of said note and mortgage, and that it was entitled to immediate possession of the automobile described in said mortgage, and that the defendant, M. B. Lhevine, had possession of said automobile and refused to deliver possession thereof to plaintiff, although due demand had been made.

Defendant for his answer filed a general denial, and, further answering, denied the existence and validity of the purported instruments set forth in plaintiff's petition.

A jury was waived and the cause was tried to the court. The court rendered judgment for the plaintiff, for possession of the Stephens automobile in controversy. A motion for a new trial was filed, which was overruled, and the defendant appealed to this court.

The facts in this case show that F. N. Handler executed the note and mortgage sued on herein, and that he signed the name of S. Handler and F. N. Handler to the note and mortgage. It is further shown that the note and mortgage were given for a valuable consideration, and there was no fraud in the taking of the same and the facts further show that said chattel mortgage was not witnessed or acknowledged, as provided by law, but that the same had

been regularly filed with the county clerk of Tulsa county. The record further discloses that M. B. Lhevine having obtained a judgment against F. N. Handley, an execution was issued out of the common pleas court of the city of Tulsa, and that said automobile was taken under said execution and sold to satisfy said execution, and was bought by the defendant, M. B. Lhevine, at said sale.

The court in rendering judgment found as a matter of fact that the defendant, M. B. Lhevine, and the officer levying said execution both had actual knowledge and notice of the mortgage and note sued on herein prior to the levying of said execution.

The only question presented to this court for review is whether or not said mortgage, not being witnessed as provided by law, was good as against the judgment creditor, M. B. Lhevine. This court in passing on this question, in an opinion by Mr. Justice Kennamer, in the case of Fiegel et al. v. First National Bank of Kingfisher, 90 Okla. 26, 214 Pac. 181, in the second paragraph of the syllabus said:

"A chattel mortgage executed in good faith for a valuable consideration, which has not been filed as required by section 4031, Rev. Laws 1910, is valid between the parties, and the lien created by such mortgage is superior to that of an attaching creditor with actual notice of such mortgage where such creditor had notice of such mortgage prior to attaching the mortgaged property."

This mortgage, while it would not be notice to subsequent purchaser in good faith for value, was good as between the parties, and under this holding, supra, it is good as to those creditors who had actual notice and knowledge of its existence.

The plaintiff in error, defendant below, had actual notice and knowledge of the mortgage and note of the plaintiff, and could acquire no greater rights by the leying of an execution on said property than the original owner himself had. This being a law case, and tried to the court without the intervention of a jury, following the well-established rule of the court, where there is any competent testimony to support the findings of the court, or jury, the same will not be disturbed on appeal. We, therefore, are of the opinion that the court committed no error in rendering judgment for the plaintiff.

The cause is affirmed.

NICHOLSON, C. J., and MASON, HARRISON, PHELPS, LESTER, and RILEY, JJ., concur. HUNT, J., disqualified and not participating.

Note.—See under (1) 11 C. J. p. 478, § 115 (Anno).