Argued March 11; writ of mandamus denied April 6, 1937

## STATE ex rel. BAILEY v. ELLIS
(66 P. (2d) 995)

*Allan G. Carson,* of Salem (Lytle & Coad, of Vale, on brief), for plaintiff.

*M. A. Biggs,* District Attorney, of Ontario (I. H. Van Winkle, Attorney General, on the brief), for defendant.

RAND, J. The relator was indicted, tried and convicted of the crime of rape and sentenced to imprisonment for a term in the Oregon penitentiary. After sentence and while in the custody of the sheriff and confined in the county jail of Malheur county, the relator served and filed a notice of appeal and then made application to the Honorable Charles W. Ellis, circuit judge, to fix bail pending the appeal and to grant him a certificate of probable cause.

The court fixed the amount of the bail bond but refused to issue a certificate of probable cause. The relator thereupon brought these proceedings in mandamus in this court, setting up the foregoing facts in his petition and praying that an alternative writ of mandamus be issued, commanding the defendant as circuit judge to issue said certificate of probable cause. Upon the filing of the petition, an alternative writ of mandamus was issued out of this court, directing the defendant, as circuit judge, to issue a certificate of probable cause or show cause for not having done so. The cause shown is by demurrer to the alternative writ upon the ground that it fails to state facts sufficient to entitle the relator to the relief demanded. This demurrer to the alternative writ has been argued and submitted and is now here for decision.

Under our code all persons who have been convicted of a crime which is made punishable by the statutes of this state are entitled to appeal from the judgment of conviction: Section 13-1202, Oregon Code

1930. But, under section 13-1216, Oregon Code 1930, they are not entitled to have the judgment stayed pending the appeal unless a certificate of probable cause be issued. That section provides:

"An appeal from a judgment on a conviction stays the execution of the judgment, upon filing with the notice of appeal a certificate of the judge of the court in which the conviction was had, or of a judge of the supreme court, that in his opinion there is probable cause for the appeal, but not otherwise."

■ In construing this section this court said in *Whitley v. Murphy,* 5 Or. 328 (20 Am. Rep. 741):

" * * * Taking into view the different provisions of the statute, it would seem very clear that an appeal in a criminal case does not vacate the judgment, nor suspend its operation, except in those cases where the certificate of the judge is obtained of probable cause, and this view appears to be sustained by all of the authorities * * *."

In order, therefore, for a person convicted of a crime to stay the execution of the judgment, he must not only file his notice of appeal but he must also file a certificate of the judge of the court in which the conviction was had, or a judge of the supreme court, that in his opinion there is probable cause for the appeal. Section 13-1218, Oregon Code 1930, provides that, upon the issuance of a certificate of probable cause, "the sheriff must, if the defendant be in custody, upon being served with a certified copy thereof, keep the defendant in his custody, without executing the judgment, and detain him to abide the judgment upon the appeal." Section 13-1219 provides:

"If before the granting of the certificate the execution of the judgment have commenced, the further execution thereof is suspended, and the defendant must be restored by the officer in whose custody he is to his original custody."

■ If the offense of which the defendant has been convicted is a bailable one and a certificate of probable cause has been issued, then, if the defendant desires to secure his release from custody pending the appeal, he must furnish the undertaking provided for in subdivision 3, section 13-1314, Oregon Code 1930, for the amount of bail fixed by the court and have the court indorse an order thereon allowing the bail and, upon filing the same with the clerk of the court and obtaining an order of the court as provided in section 13-1323, he may be discharged from custody pending the appeal.

The defendant in the instant case has done none of these things except to serve and file a notice of appeal and apply to the court for a certificate of probable cause, which the court has refused to grant, and he is now seeking an order of this court, directing the circuit court to issue the certificate of probable cause. He bases his right to such relief upon section 13-1217, Oregon Code 1930, which, prior to the 1919 amendment, read as follows:

"The certificate mentioned in the last section can not be granted upon an appeal from a judgment on a conviction of a felony, except by the judge of the court in which the conviction was had, until such notice as the judge may prescribe has been given to the district attorney for the county where the conviction was had, of the application for the certificate; but the judge may stay the execution of the judgment in the meantime."

The 1919 amendment (L. 1919, ch. 36) merely added to that section, as originally enacted, a proviso in these words:

"* * * provided, that if a defendant be convicted of a bailable offense and be admitted to bail as provided in chapter XIII of Lord's Oregon Laws, [sec-

tions 13-1301—13-1350 herein], the certificate of probable cause shall be issued by the judge of the court in which the conviction was had as a matter of course."

The purpose of that amendment is plain. It was to compel the judge of the court in which the conviction was had to issue and sign a certificate of probable cause as a matter of course in every case where the defendant had been convicted of a bailable offense and had been admitted to bail. And, if this proviso in the amended act is to have the effect intended, the defendant, upon being admitted to bail, would have been entitled to the issuance of a certificate of probable cause and, upon furnishing bail, would have been entitled to his liberty until the case had been heard and determined upon the appeal. That, we think, was the plain intent of the legislature in amending that section.

■ The question, however, of whether there is a probable cause for the appeal is a judicial question and not one for the legislature to decide. Whether in this case there is probable cause for the appeal is a matter of judicial discretion and depends upon the opinion of the trial judge after considering all the questions which were involved upon the trial of the action. That this was the intention of the legislature in enacting section 13-1216, Oregon Code 1930, in the form in which it was originally enacted, is manifested by the language used, for it provides that the certificate may be issued by the trial judge if "in his opinion there is probable cause for the appeal, but not otherwise". That provision is still in the statute, so we have in one statute a provision making it discretionary with the court whether a certificate of probable cause for an appeal shall be issued or not and another statute which makes it obligatory in all criminal cases where an appeal has been taken for the

trial judge to issue a certificate of probable cause regardless of what the fact might be. It is not within the power of the legislature to prescribe how matters properly within the sound discretion of a court shall be determined. Those questions are exclusively for the courts themselves to decide. Hence, while it was within the power of the legislature, had it desired to do so, to prescribe that pending an appeal in a criminal case and in the absence of any certificate of probable cause, the execution of the judgment should be stayed, or that a person convicted of a crime should be released from custody pending an appeal upon the giving of a bond, it could not, after first making a certificate of probable cause a prerequisite without which a stay could not be had, then prescribe that the trial judge should certify to a fact which might or might not be true in that particular case.

For these reasons, we hold that that part of the amended statute which attempts to control the discretion of the circuit court in respect to the issuance of a certificate of probable cause, whether probable cause exists or not, is unconstitutional and void.

The demurrer to the alternative writ must, therefore, be sustained and the writ dismissed.