HOLBIRD v. HARRIS.

No. 32441. Nov. 12, 1946.

*174 P. 2d 262.*

Kerr, Lambert & Conn, of Ada, for plaintiff in error.

C. F. Green, of Ada, for defendant in error.

GIBSON, C.J.   On April 5, 1945, E. M. Ferguson executed and delivered to L. B. Holbird, plaintiff in error, a chattel mortgage covering certain oil field equipment to secure the payment of a note. All of the mortgaged articles except two, a "doghouse" and a Halliburton pump, were purchased by mortgagor from mortgagee, and the note represented the purchase price therefor. Alleging default in payment of note, Holbird sued Ferguson in replevin for possession of the mortgaged articles, judgment on note and authority to sell the mortgaged chattels. Ferguson, though summoned, did not plead or appear in the action. John R. Harris, defendant in error, intervened in the action and in his plea claimed ownership of and right to immediate possession of the doghouse and pump. The respective claims of plaintiff and intervener to the doghouse and pump constituted the only controverted issue in the cause and that was tried to the court without the intervention of a jury.

The court awarded plaintiff judgment in accordance with prayer of his petition except that intervener was awarded judgment for the doghouse and pump, and plaintiff appeals.

It appears from the evidence that at the time of the negotiations between Holbird and Ferguson the equipment which became the subject of sale was in possession of a bailee of Holbird. That Holbird, then contemplating that a part of the purchase price would be paid in cash, notified the bailee to not deliver possession of the equipment to Ferguson until expressly authorized by Holbird so to do. During the negotiations it developed that Ferguson would be unable to make a cash payment on the equipment, and upon his representation that he was owner of the doghouse and pump Holbird agreed to make the sale and take a note and mortgage for the purchase price. After the execution of the mortgage, and before Ferguson obtained possession of the equipment or its delivery by the bailee was authorized, Holbird was informed by a third person that he, the informer, did not believe that Ferguson owned the doghouse or pump so mortgaged. Holbird communicated with Ferguson and informed him of the question concerning the latter's title and stated that he would retain possession of the articles so sold until convinced that he owned the doghouse and pump. Thereupon Ferguson called Harris by telephone, concerning which Holbird testified as follows:

"Q. Just state to the court how that conversation came about? A. Well, Mr. Ferguson called Mr. Harris and asked Mr. Harris to tell me who this stuff belonged to and so I took the receiver and Mr. Harris told me that it was his stuff and that it was free and clear and that

nobody had anything against it and that he was selling it to Mr. Ferguson."

Following this occasion, and on April 12th, Ferguson delivered to Holbird a bill of sale executed by Harris to Ferguson as grantee covering the property in dispute. The bill of sale, in usual form, bears date of April 7th, and recites a paid consideration of $750. Thereupon Holbird surrendered possession of the property sold.

In his plea of intervention Harris alleges that he is the owner of the doghouse and pump; that Ferguson never owned that property nor had authority to mortgage it, and that such facts were known or should have been known by plaintiff at time of taking the chattel mortgage.

With reference to the bill of sale Harris testified as follows:

"Q. You signed a bill of sale of that property and delivered it to Mr. Ferguson, didn't you? A. I did. Of course, it was a big mistake on my part, but he promised to bring me the money in a couple of days. Q. He never did pay you, did he? A. He never did, his excuse was that he wanted to take an inventory of the stuff and needed the bill of sale and I foolishly let him have the bill of sale for comparison in taking the inventory and he said he had made arrangements with Mr. Holbird for the money to pay me for it. Q. You realize that when you gave him that bill of sale that that reflected that you had parted with the ownership of that property? A. Well, as I tell you, I was depending on him to bring the money within the next couple of days . . . Q. You realized that any time you handed him that bill of sale that he could use it as evidence of ownership of the property, didn't you? A. Of course, I shouldn't have delivered it until I got the money . . . Q. And you executed the bill of sale on April the seventh, 1945? A. Yes, but it wasn't delivered to Mr. Ferguson until April the twelfth — he had no right to the property until April the twelfth. Q. Until your bill of sale was delivered? A. Until the bill of sale was delivered."

The basis of the trial court's holding that the property in question was not covered by the lien of the mortgage is not reflected in the record.

In support of the judgment, defendant in error Harris submits the following propositions:

(1) That the bill of sale did not cover or convey to Ferguson the Halliburton pump.

(2) The chattel mortgage, having been witnessed by an employee of the mortgagee, did not impart notice to defendant Harris.

(3) That no delivery of personal property in question was made to Ferguson; therefore, said sale was void and plaintiff did not get title thereto by reason of his mortgage, which was taken by him a week prior to any attempt on the part of Ferguson to purchase said property.

In presenting the first proposition, it is urged that inasmuch as the "Halliburton pump", described in the mortgage, is not also described in the bill of sale, the lien of the mortgage could in no event attach to it because it did not pass under the bill of sale. The bill of sale in terms covers a drilling machine, mast, derrick, and, following the mention of other items, contains the words "and all other equipment in connection therewith." The location of the property at a particular well is therein given. The pump was a part of the equipment described and, being so, would be within the terms of the bill of sale unless expressly excepted therefrom. That Harris considered that the pump was included in the bill of sale is expressly shown by his testimony.

In support of the second proposition attention is called to the following facts: The mortgage was filed in the office of the county clerk on April 5, 1945; the bill of sale was dated April 7, 1945, but was not delivered until April 12, 1945; that by reason of its not being sufficiently witnessed the mortgage was insufficient to impart notice; and that the

evidence reflected that Holbird did not tell Harris of the mortgage prior to the delivery by Harris of the bill of sale to Ferguson.

The sufficiency of the acknowledgment or attestation by witnesses is immaterial, because neither is necessary to the validity of the mortgage between the parties thereto (Lhevine v. Tulsa Industrial Loan & Inv. Co., 113 Okla. 104, 239 P. 632). When Harris subsequently clothed Ferguson, the mortgagor, with title by the bill of sale, the property then became subject to the operation of the mortgage by reason of 42 O.S. 1941 § 8. See Mitchell et al. v. Guaranty State Bank of Okmulgee, 68 Okla. 110, 172 P. 47. The operative force of the statute could not arise until the mortgagor became vested with the title.

In support of the third proposition there is cited 24 O.S. 1941 §6, and Mc-Cord-Collins Mer. Co. v. Dodson, 32 Okla. 561, 121 P. 1085, which holds that the provisions of the statute are mandatory.

The section in question has no application to the situation in the instant case. Defining the scope and purpose of the cited statute, we held, in Taylor v. Wooden et al., 30 Okla. 6, 118 P. 372, 36 L.R.A. (N.S.) 1018, as follows:

"This statute has been construed in a number of cases, and held to mean exactly what its plain language would imply; that is, where a sale is made by a person in possession or control, and the property is allowed to remain in his possession, the same is void, as against creditors or subsequent purchasers."

As between the parties to the transaction, delivery of the possession is not essential to the transfer of title where the contract is executed. Pharaoh v. Burnett & Moore, 112 Okla. 188, 240 P. 743. Where the transfer of title is made through medium of bill of sale unconditional in terms, the transfer of title is effected with delivery of the bill of sale (55 C. J. 302, §291, and cases there cited).

On behalf of plaintiff in error Holbird it is urged that Harris by reason of having clothed Ferguson with indicia of title is estopped to assert title against Holbird who, in reliance thereon, parted with possession of equipment he had sold to Ferguson. In support thereof there is quoted from 46 Am. Jur. 627 the following:

"As to transfers and encumbrances of personal property generally, it is a general rule that an estoppel arises against the real owner where he clothes the person assuming to dispose of the property with the apparent title to it or with apparent authority to dispose of it, and where the person setting up the estoppel acts and parts with value or extends credit on the faith of such apparent ownership or authority."

And, as evidence of this court's recognition of the doctrine, there are cited and quoted from Young v. Cole, 91 Okla. 113, 216 P. 429, and Kuykendall v. Lambert, 68 Okla. 258, 173 P. 657.

In response to this argument defendant in error Harris urges that the estoppel is not available because not specially pleaded and cites several decisions of this court, among them Cooper v. Flesner, 24 Okla. 47, 103 P. 1016.

Plaintiff in error then contends that defendant waived the failure to specially plead by trying the issue without objection in the trial court. First Bank of Texola v. Terrell, 44 Okla. 719, 145 P. 1140, and Winter et al. v. Harvell, 175 Okla. 315, 52 P. 2d 717.

In view of the facts it is clear on authority of the last mentioned cases that defendant in error should be held to have waived the special plea, even if such special plea was necessary in a replevin action wherein an answer containing a general denial was filed. Broyles et ux. v. McInteer, 29 Okla. 767, 120 P. 283.

It being manifest that plaintiff Holbird was entitled, as a matter of law, to judgment against intervener Harris on the issue tried, the judgment of the trial court is reversed and the cause is

remanded to the trial court with direction to enter judgment for plaintiff, and it is ordered that, upon foreclosure of the lien by sale, any excess of proceeds remaining after payment of plaintiff's judgment against defendant Ferguson be paid to the intervener as his interest may appear.

HURST, V.C.J., and OSBORN, BAYLESS, and CORN, JJ., concur.