Argued and submitted April 30, affirmed December 23, 1998, petition for review
denied April 29, 1999 (328 Or 465)

# STATE OF OREGON,
*Respondent,*

v.

# STEVEN LEE TARPLEY,
*Appellant.*

(10-9610914, 10-97-00067; CA A96991 (Control), A96992)
(Cases Consolidated)

972 P2d 1201

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

David John Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, Deits, Chief Judge, and Haselton, Judge.

HASELTON, J.

**HASELTON, J.**

Defendant appeals from his convictions on four counts of unauthorized use of a vehicle, ORS 164.135, and one count of criminal mischief in the second degree. ORS 164.354.[1] He assigns error to the trial court's denial of his motion for judgment of acquittal based on the insufficiency of the state's evidence of ownership or right to possession of the subject vehicles. In particular, defendant contends that under ORS 803.010 the state was required to prove the complainants' ownership or right to possession of the vehicles by offering into evidence either a certificate of title, a salvage title certificate, or Department of Transportation records, and that it failed to do so. We conclude that the state's proof was sufficient and, accordingly, affirm.

The convictions stem from four unrelated incidents in November 1996. The particulars of defendant's conduct in each instance are immaterial to this appeal. What is material—and undisputed—is that, with respect to the challenged convictions, the state was required to prove the complainants' ownership or right to possession of the vehicles.[2] It is also undisputed that the state's sole proof of ownership or right to possession in each instance was testimony by the complainant that he or she did, in fact, own or possess the vehicle at the time of the incident. The sole issue on appeal is

---

[1] Defendant was also convicted of theft but does not challenge that conviction.

[2] ORS 164.135 provides, in part:

"A person commits the crime of unauthorized use of a vehicle when:

"(a) The person takes, operates, exercises control over, rides in or otherwise uses another's vehicle * * * *without consent of the owner*[.]" (Emphasis added.)

ORS 164.354 provides, in part:

"(1) A person commits the crime of criminal mischief in the second degree if:

"* * * * *

"(b) Having no right to do so nor reasonable ground to believe that the person has such right, the person intentionally damages property *of another*, or, the person recklessly damages property of another in an amount exceeding $100."

whether, under ORS 803.010, the state could prove owner-ship or right to possession of the vehicles through *only* certif-icate of title, salvage title certificate, or Department of Trans-portation records.

ORS 803.010 provides:

"A certificate of title is prima facie evidence of the own-ership of a vehicle or of an interest therein. In all actions, suits or criminal proceedings, when the title to or right of possession of any vehicle is involved, proof of the ownership or right to possession shall be made by means of:

"(1)   The original certificate of title issued by the Department of Transportation;

"(2)   A salvage title certificate issued by the depart-ment; or

"(3)   The department records as provided under ORS 802.240."

Defendant argues that the plain language of the statute unambiguously requires that, in any criminal proceeding involving ownership or right to possession of a vehicle, that fact can be proved only by certificate of title, salvage title cer-tificate, or department records. The state responds, *inter alia*, that, even assuming that the statute applies to prose-cutions for crimes described in the Oregon Criminal Code and not merely motor vehicle offenses, ORS 803.010 does not *require* proof of ownership by one of these documents, but, instead, merely provides that presentation of a certificate of title, salvage title certificate, or department records consti-tutes *prima facie* proof of ownership or right to possession. That is, ownership or right to possession may be proved through other evidence, including testimony by the alleged owner.

■      The dispute thus reduces to the correct construction and application of ORS 803.010. Following the analytical framework required by *PGE v. Bureau of Labor and Indus-tries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), we look first to the text and context of the statute. If the text and context could reasonably bear more than one construction, we exam-ine legislative history to discern legislative intent. *Id.*

Defendant argues that the text of ORS 803.010 unambiguously creates an evidentiary requirement because it states that "in *all* * * * criminal proceedings * * * proof of ownership or right to possession [of a vehicle] *shall* be made" by one of the three specified types of evidence. (Emphasis added.) Defendant highlights "all" and "shall" as being unambiguously directive[3] but overlooks a significant textual ambiguity: What is the meaning of "proof" in the statute's second sentence? In particular, does "proof" referring to "prima facie evidence," as used in the statute's first sentence, or is the term intended, and employed, more generally?

■    In resolving that question of construction—which is ultimately dispositive—we examine the context of ORS 803.010. We particularly consider three aspects of ORS 803.010's context: (1) other provisions of the Oregon Vehicle Code relating to proof of vehicle ownership and rights to possession; (2) provisions of the Oregon Criminal Code defining crimes involving ownership or right to possession of a vehicle; and (3) the statutory evolution of ORS 803.010 itself.

■    We begin with ORS 803.010's contextual relationship to other provisions of the Oregon Vehicle Code, ORS chapters 801-826. "Except where the context requires otherwise," definitions provided in the Vehicle Code govern the construction of all Vehicle Code provisions, including those in ORS chapter 803 pertaining to vehicle title and registration. ORS 801.100. The Vehicle Code's omnibus definition of "owner" provides:

"(1)    The person in whose name title to a vehicle is issued, and who is entitled to possession and use of the vehicle.

"(2)    *If the title and right to possession and use for a vehicle are in different persons*:

"(a)    The person, other than a security interest holder, who is entitled to the possession and use of the vehicle under a security agreement.

---

[3] *Compare Dika v. Dept. of Ins. and Finance*, 312 Or 106, 109, 817 P2d 287 (1991) ("To construe the word 'shall' as anything other than mandatory would thwart the intention of the legislature * * *.") *with Stanley Adm. v. Mueller*, 211 Or 198, 208, 315 P2d 125 (1957) (construing "shall" as "may" to give effect to clear and unambiguous legislative intent).

"(b)   The lessor or lessee of a vehicle * * * if the lessee is entitled to possession and use of the vehicle under a lease agreement." ORS 801.375 (emphasis added).

Thus, the definition of "owner" includes some persons who are entitled to use and possess vehicles *but who do not hold title*. That, in turn, gives rise to a tension—or even an outright incongruity—with ORS 803.010. If "proof" in the latter is construed as defendant urges—*i.e.*, to provide that ownership or right to possession can be proved only through title-related documents—an entire class of "owners" under the Vehicle Code could never establish its "owner" status in judicial proceedings. Conversely, construing "proof" as referring to *prima facie* proof avoids that conflict: Although owners who do not have title may not be able to proffer *prima facie* proof of ownership through any of the three means, they may nevertheless present other evidence of ownership or right to possession of a vehicle.

A comparison of ORS 803.010 with ORS 802.240 buttresses the state's construction. ORS 802.240(1) entitled "Driver and Vehicle Records as Evidence," provides:

"(1)   In all actions, suits or criminal proceedings when the title to, or right of possession of, any vehicle is involved, the record of title, as it appears in the files and records of the Department of Transportation, is prima facie evidence of ownership or right to possession of the vehicle. As used in this section, the record of title does not include records of salvage titles unless the record itself is the salvage title. Proof of the ownership or right to possession of a vehicle shall be made by means of any of the following methods:

"(a)   The original certificate of title as provided under ORS 803.010.

"(b)   A copy, certified by the department, of the title record of the vehicle as the record appears in the files and records of the department."

Thus, under ORS 802.240(1), "the record of title," including the salvage title, a certified copy of the title record as it appears in the records of the Department of Transportation, and the original certificate of title are all deemed *prima facie* proof of ownership or right to possession. That comports with the state's reading of the second sentence of ORS 803.010.

A third contextual referent for, and source of, contextual tension is the Criminal Code. Because ORS 803.010 applies "in *all* actions, suits, or *criminal proceedings*, when the title to or right of possession of any vehicle is involved" (emphasis added), and because defendant's convictions for unauthorized use of a vehicle, ORS 164.135, and criminal mischief in the second degree, ORS 164.354, require proof of ownership or right to possession of vehicles, context fairly encompasses not only those statutes but also the Criminal Code's general definitional provisions.

The Criminal Code defines "owner" as "any person who has a right to possession [of property] superior to that of the taker, obtainer, or withholder." ORS 164.005(4). The Criminal Code further defines "right of possession" as follows:

"(1) A person who has obtained possession of property by theft or other illegal means shall be deemed to have a right of possession superior to that of another person who takes, obtains, or withholds the property from that person by means of theft.

"* * * * *

"(3) * * * a person in lawful possession of property shall be deemed to have a right of possession superior to that of a person having only a security interest in the property, *even if legal title to the property lies with the holder of the security interest* pursuant to a conditional sale contract or other security agreement." ORS 164.105 (emphasis added).

As noted, under ORS 164.135, a person commits unauthorized use of a vehicle if the person "takes, operates, exercises control over, rides in or otherwise uses another's vehicle * * * *without consent of the owner* * * *." (Emphasis added.) Thus, the Criminal Code, like the omnibus definition of "owner" in the Vehicle Code, contemplates a much broader concept or class of "ownership" than mere title-holding status. *See, e.g., State v. Jost / Oregon-Washington Recovery Co., Inc.*, 122 Or App 531, 537-38 , 858 P2d 881 (1993) (an automobile repossession company and its owner were convicted of unauthorized use of a vehicle when the company took a vehicle from a nontitle "owner," a towing company that

"was in lawful possession of the car and * * * was entitled to possession until its $135 towing fee was paid," even though the repossession company intended to return the car to the title-holder). Application of a "documents only" construction of ORS 803.010 to prosecutions under chapter 164 cannot be reconciled with the Criminal Code's broad definitions; such an application would limit prosecutions to those circumstances in which vehicles were taken from title-holders. It is, in sum, impossible to give effect both to the provisions of chapter 164 and to defendant's reading of ORS 803.010. Conversely, the state's proposed construction completely harmonizes the two.

We proceed to a final area of ORS 803.010's context—the preexisting common law and statutory framework within which the law was enacted, *Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto*, 322 Or 406, 415-16, 908 P2d 300 (1995), *mod on other grounds* 325 Or 46, 932 P2d 1141 (1997), and prior versions of the statute. *State v. Webb*, 324 Or 380, 390, 927 P2d 79 (1996); *Krieger v. Just*, 319 Or 328, 336, 876 P2d 754 (1994). The legislature enacted ORS 803.010 in 1983 as part of HB 2031, a general revision of the Vehicle Code. Or Laws 1983, ch 338, § 174. ORS 803.010 combined ORS 481.115 (1981) and ORS 481.117 (1981) into one statutory provision. Table Showing Source of Proposed Draft Sections from Existing Statute Sections, HB 2031. ORS 481.115 (1981) was first enacted in 1921 to detail the requirements and effect of certificates of title. Or Laws 1927, ch 364, § 6-a. ORS 481.115 (1981) stated, *inter alia,* that "the certificate shall be prima facie evidence of the ownership of such vehicle or of an interest therein." ORS 481.115 (1981). The legislature incorporated that language verbatim into the first sentence of ORS 803.010.

ORS 481.117 (1981) was originally enacted in 1921, Or Laws 1921, ch 371, § 9, and most of its language was likewise incorporated into ORS 803.010. ORS 481.117 (1981) stated:

"In all actions, suits or criminal proceedings when the title to, or right of possession of, any motor vehicle * * * is involved, the record of registration and license, as it appears in the files and records of the division is prima facie

evidence of ownership or right to possession of such vehicle. *Such proof* of the ownership or right to possession shall be made by means of a copy, certified by the division, of the record of the vehicle, as it appears in the files and records of the division, or by the original certificate of title issued by the division." (Emphasis added.)

Thus, the phrase "such proof" in the second sentence referred to the description of "prima facie evidence" in the first. That is, if a party wished to proffer *prima facie* proof of ownership or right to possession, it could do so only by submitting one of the three specifically prescribed types of evidence. *See, e.g., Wiebe v. Seely, Administrator*, 215 Or 331, 341-43, 335 P2d 379 (1959); *Thiering v. Gage et al.*, 132 Or 92, 103-04, 284 P 832 (1930). Nothing in ORS 481.117 (1981) suggested that a party could not establish ownership through other means; it suggested only that such proof would not be entitled to a *prima facie* presumption. *See, e.g., Sargent v. Pendleton Auto Co.*, 121 Or 677, 682, 257 P 23 (1927); *Thiering*, 132 Or at 103.

Thus, the evolution of ORS 803.010 reveals that its text was drawn wholly from, and represents the melding of, the then-existing language of ORS 481.115 (1981) and ORS 481.117 (1981).[4] However, in combining the two statutes, the legislature deleted the word "such" as a modifier of "proof of ownership or right of possession" in ORS 803.010. Nothing in the text of ORS 803.010 indicates that that omission was substantive—that is, that the legislature intended to change long-standing law, *see, e.g., Wiebe*, 215 Or at 341-43; *Sargent*, 121 Or at 681-83, that ownership or right to possession could be established by nondocumentary proof and, in so doing, alter dramatically the definitions and operation of the Criminal Code with respect to crimes involving ownership or possession of vehicles.

On the contrary, the text of the omnibus 1983 revisions to the Vehicle Code, HB 2031, which included the enactment of ORS 803.010, demonstrates an explicit intent *not* to alter existing substantive law. Section 3 of HB 2031 provided

---

[4] In 1991, ORS 803.010 was amended to include "a salvage title certificate issued by the division" as a third document listed under the second sentence. Or Laws 1991, ch 873, § 29.

that "[i]t is not the purpose or intent of the Oregon Legislative Assembly to change the law by enacting the revision of the Oregon Motor Vehicle Code * * *. The intent of the assembly is to make the law relating to vehicles easier to use, amend and understand by simplifying the language,* * * [and] eliminating confusing references * * *." Or Laws 1983, ch 338, § 3. In fact, so determined was the legislature not to make substantive changes in the revision that it provided for the establishment of a joint interim committee to "study the revision to assure that no inadvertent changes in this state's vehicle laws are created by the revision." Or Laws 1983, ch 338, § 979(3).

Our contextual inquiry thus reveals that: (1) defendant's proposed construction of ORS 803.010 is irreconcilable with other provisions of the Vehicle Code; (2) that construction is similarly irreconcilable with provisions of the Criminal Code; (3) the source of those potential conflicts is the meaning of "proof" in the statute's second sentence; (4) the evolution of the statute demonstrates that, historically, the term "proof" in ORS 803.010 referred to *prima facie* evidence; and (5) the legislature, in enacting HB 2031, including ORS 803.010, expressed its intention not to alter existing substantive law.

Given that inquiry, we conclude that the context of ORS 803.010 conclusively demonstrates that "proof" in the statute's second sentence means *prima facie* proof. Consequently, the state's nondocumentary proof of ownership of the vehicles in question—testimony by the complainants that they were, in fact, the owners at the time of the incidents—was sufficient to support the convictions.

Affirmed.