Argued and submitted December 21, 2000, reversed and remanded in part;
otherwise affirmed May 8, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# BARRY HALL DOLLAR,
*Appellant.*

## CR98737; A105850

45 P3d 1014

Jennelle Hall, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant was convicted of driving under the influence of intoxicants, ORS 813.010; unauthorized use of a vehicle, ORS 164.135; felony driving while revoked, ORS 811.182; and two counts of driving while suspended, ORS 811.182. The convictions arose out of an incident in which he allegedly drove a car belonging to Elisha Garcia, his then girlfriend. He appeals only the conviction for unauthorized use of a vehicle, assigning error to the trial court's failure to give a jury instruction describing the legal consequences of his joint ownership of the vehicle. We review the trial court's failure to give the requested jury instruction for errors of law, *State v. Reyes-Camarena*, 330 Or 431, 441, 7 P3d 522 (2000), evaluating the evidence in support of the instruction in the light most favorable to defendant, the party seeking the instruction. *State v. Brown*, 306 Or 599, 607, 761 P2d 1300 (1988). We conclude that the trial court erred and therefore reverse and remand the unauthorized-use conviction.

Defendant did not testify at trial. Garcia testified that she and defendant lived together for about a year in a domestic relationship. Garcia testified that she was the legal owner of a 1980 Honda Prelude and that she alone had keys to the car and held title and insurance. When asked on cross-examination where she got the car, she testified that defendant's employer had given it to defendant. Garcia helped defendant get to work by taking him to the bus stop each day and picking him up from the bus after work. Garcia parked the Honda in a public parking area behind her apartment and kept the car doors locked. She was aware that defendant's driving privileges were suspended and that he is not legally able to drive. On December 26, 1998, Garcia called the police and reported that defendant was driving her car without her permission, without a license, and after he had been drinking. Police arrested defendant, and he was charged with, among other offenses, unauthorized use of a vehicle, ORS 164.135. That statute provides, in relevant part:

"(1)  A person commits the crime of unauthorized use of a vehicle when:

"(a) The person takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner[.]"

Based on Garcia's testimony that defendant's employer had given defendant the car, defendant sought to have the trial court instruct the jury concerning the right of possession of a joint owner, as described in ORS 164.105(2):

"A joint or common owner of property shall not be deemed to have a right to possession of the property superior to that of any other joint or common owner of the property."

As defendant reads ORS 164.105(2), a person who holds joint or common ownership in a car cannot be convicted of unlawful use of a vehicle for using the car without the permission of the other joint owner. In defendant's view, Garcia's testimony was evidence that defendant is a joint owner of the car, and the jury should have been instructed as to the consequence of joint ownership. The trial court declined to give the requested instruction and gave the jury the following instruction on the charge of unauthorized use:

"[A] person commits the crime of unauthorized use of a vehicle when the person knowingly takes, operates exercises control over, or rides in another's vehicle without the consent of the owner.

"In this case, to establish the crime of unauthorized use of a vehicle, the State must prove beyond a reasonable doubt the following four elements: And in all these offenses, the first two elements are always the same. That the act occurred in Yamhill County, Oregon, and that it occurred on or about December 27th 1998.

"The third element of unauthorized use of a vehicle is that [defendant] took, operated, or exercised control over a vehicle, a 1980 Honda, which was owned by Elisha R. Garcia. And, four, [defendant] knew that he did not have the consent of the owner. * * *

"* * * * *

"Let me clarify. The fourth element is [sic] that I read to you earlier was that [defendant] knew he did not have the consent of the owner. I think you can find that element satisfied if you're satisfied that [defendant] knew he did not have the consent of the owner or if he was reckless in not

> obtaining the consent of the owner or with criminal negligence he failed to get the consent of the owner."

Citing *State v. McBride*, 287 Or 315, 319, 599 P2d 449 (1979), defendant asserts that he was entitled to have the court give his requested instruction on joint ownership because it is a correct statement of the law and there is evidence in the record to support it. Finally, defendant asserts that the instructions given by the trial court did not adequately instruct the jury on defendant's theory of the case, and he was prejudiced by the failure to give the requested instruction. *See State v. Barnes*, 329 Or 327, 986 P2d 1160 (1999).

■ ■ The state does not seriously dispute that the requested instruction is a correct statement of the law in the context of a charge of unauthorized use of a vehicle, *i.e.*, that defendant's alleged joint ownership of the car would preclude a conviction for its unauthorized use. *See State v. Durant*, 122 Or App 380, 382, 857 P2d 891 (1993) (explaining that ORS 164.105(2) is a restatement of the generally accepted principle that one cannot steal property that one has a right to possess). However, the state counters defendant's remaining points. The state asserts that the evidence is insufficient to permit an instruction on joint ownership. In the state's view, Garcia's testimony that the car had been given to defendant is not evidence that defendant had an ownership interest in the car *at the time he used it*. We disagree. Although Garcia testified that she had legal ownership of the car, contrary to the state's argument she did not testify that *she alone* owned the car. She did not explain how the car came to belong to her after it was given to defendant. She testified that she held title to the car, but the state did not offer the title document in evidence and did not ask Garcia whether defendant retained an interest in the car. Although a certificate of title is *prima facie* evidence of the ownership of a vehicle or an interest therein, an ownership interest in an automobile is not necessarily dependent on the possession of title, *see State v. Tarpley*, 157 Or App 693, 695, 972 P2d 1201 (1998). Further, Garcia's possession of title does not preclude a finding that defendant also had an ownership interest in the vehicle. *See City of Pendleton v. One 1998 Dodge Stratus*, 180 Or App 72, 42 P3d 339 (2002). A jury could reasonably infer from Garcia's testimony that the car had been given to defendant

and that defendant retained an ownership interest in the car but that he did not drive or insure it because his driving privileges were suspended. The evidence, when viewed in the light most favorable to defendant, was sufficient to permit an instruction on the legal consequence of joint ownership of the car.

The state counters that, notwithstanding the evidence, special instructions are authorized only on a defendant's "theory of the case," which encompasses affirmative defenses, defenses, and lesser-included offenses; they are not to be given merely for the purpose of instructing the jury on the consequence of the state's failure to meet its burden of proof. *State v. Harper*, 132 Or App 29, 33, 888 P2d 19 (1994). The state reasons that defendant's point that he was an owner of the car was not properly raised as a defense by notice or affirmative evidence in defendant's case; rather, it presented merely the converse of the element that defendant's use of the car had to be unauthorized for him to be guilty of unauthorized use of the car, which was adequately and automatically conveyed to the jury by the trial court's general instruction on the elements of unauthorized use.

It is not necessary for us to address the state's points about whether the requested instruction presented a defense or a theory of the case that had not been adequately preserved by notice or affirmative evidence. The requested instruction was necessary because the court's general instruction did not fully explain the consequence of the possibility that defendant had an ownership interest in the car. When asked how she came to own the car, Garcia testified that the car had been given to defendant. That evidence permitted the inference that defendant had an ownership interest in the car. The instruction that the court gave the jury told it that the fourth element of the offense was established beyond a reasonable doubt if defendant used a vehicle knowing he did not have the consent of "the owner," thereby suggesting that the vehicle could have only one owner. The instruction did not advise the jury of the effect of the possibility of defendant's joint ownership of the vehicle, as the evidence permitted. It did not tell the jury that defendant could not be convicted if he also had an ownership interest in the

vehicle. One might argue that, if the jury believed that defendant had an ownership interest in the car, logic would have compelled the jury to conclude that he did not use the vehicle without the consent of *"the* owner," because he was also an owner. That rationale presupposes an understanding on the part of the jury that defendant would not have needed the permission of a joint owner in order to use the vehicle, an understanding that we will not presume. ORS 164.105(2) explains that very aspect of the law.

Moreover, the court instructed the jury that the third element of the charge that the state had to prove was

> "that [defendant] took, operated, or exercised control over a vehicle, a 1980 Honda, which was owned by Elisha R. Garcia."

There was no evidence challenging Garcia's testimony that she was the registered owner of the 1980 Honda that defendant was charged with driving. In that light, the jury could well have understood the instruction to mean that Garcia was *the* person from whom defendant had to have consent to drive the Honda in order for him to avoid liability for driving the car without *the* owner's consent. Consequently, the instruction that the court gave may have led the jury to believe that the facts in the case reduced to whether defendant had *Garcia's* consent to drive the car, not whether defendant had the consent of *an* owner of the car. Again, the instruction on ORS 164.105(2) that defendant requested would have prevented the jury from being misled in that way. We accordingly conclude that the instruction that the court gave was incomplete. We hold, further, that defendant was prejudiced by the failure to give the requested instruction, because if the jury believed that defendant also owned the car, the instruction would have resulted in his acquittal. Accordingly, the error was not harmless. *State v. Williams,* 313 Or 19, 38, 828 P2d 1006 (1992).

Conviction for unauthorized use of a vehicle reversed and remanded; otherwise affirmed.