Argued and submitted May 16, affirmed November 28, 2007

Susan WEBER,
*Plaintiff,*

*v.*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY
and Ronald Ronningen,
*Defendants.*

Ronald RONNINGEN,
*Third-Party Plaintiff,*

*v.*

SAFECO INSURANCE COMPANY OF OREGON,
*Third-Party Defendant.*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
*Fourth-Party Plaintiff-Respondent,*

*v.*

Susan WEBER,
Ronald Ronningen, and Terrence Ronningen,
*Fourth-Party Defendants,*

*and*

Robert TEUBERT
and Boo Teubert,
*Fourth-Party Defendants-Appellants.*

Multnomah County Circuit Court
040909851; A131581

172 P3d 660

Leslie A. Kocher-Moar argued the cause for appellants. With her on the briefs was MacMillan, Scholz & Marks, P.C.

R. Daniel Lindahl argued the cause for respondent. With him on the brief were John A. Bachofner and Bullivant Houser Bailey, PC.

Before Armstrong, Presiding Judge, and Haselton* and Rosenblum, Judges.

ARMSTRONG, P. J.

---

* Haselton, J., *vice* Riggs, S. J.

## ARMSTRONG, P. J.

The Teuberts were injured on February 20, 2004, when the car in which they were traveling was struck by a car driven by Ronningen. The car driven by Ronningen was insured by State Farm Mutual Automobile Insurance Company under a policy issued to Weber. State Farm sought a declaration that it had no obligation to defend and indemnify Ronningen for claims made by the Teuberts in connection with the accident, because, as a matter of law, Ronningen was neither an insured nor a permissive user under Weber's policy. Teuberts appeal a judgment for State Farm, assigning error to the grant of State Farm's motion for summary judgment and the denial of Teuberts' motion for summary judgment, asserting that the evidence in the record establishes that there is a factual issue about whether Ronningen was an owner of the car. We affirm.

The record on summary judgment, viewed in the light most favorable to Teuberts, *McCabe v. State of Oregon*, 314 Or 605, 608, 841 P2d 635 (1992), shows these facts: Weber and Ronningen lived together. In December 2003, Weber expressed an interest in buying a car being sold by Myers. Because Ronningen was a friend of Myers, he acted on Weber's behalf and negotiated the purchase of the car. Weber paid $1,000 toward the $21,000 purchase price of the car, and Ronningen signed a note for the $20,000 balance, to be paid in full on March 15, 2004. The note stated that it was consideration for Myers's sale of the car to Ronningen, and the bill of sale identified Ronningen as the buyer.

Ronningen completed and submitted an Oregon DMV application for title and registration of the car, listing himself as the sole owner; he subsequently took title to the car. Despite the purchase arrangements and Ronningen's technical ownership of the car, the parties intended that the car would be Weber's, and Weber intended to pay Myers the balance owing on the car in March 2004. Immediately after the purchase, Weber added the car to her State Farm policy and paid the insurance premiums. Weber had the only set of keys to the car, and Ronningen rarely drove it, although it was parked at the apartment where they lived. Ronningen was not required to ask Weber's permission to drive the car,

but he usually did. On February 20, 2004, the day of the accident, Ronningen had asked Weber for permission to use the car. In the report that he filed with DMV regarding the Teubert accident, Ronningen listed himself as the owner of the car.

Teuberts sought damages from Ronningen for their injuries for his alleged negligence in causing the accident, and Ronningen sought coverage under Weber's State Farm policy. During State Farm's investigation of the accident, Ronningen and Weber gave statements to State Farm in which they said that Ronningen was the owner of the car and that Weber would be buying it from him in March 2004. In March 2004, Ronningen and Weber combined their funds to pay the $20,000 balance due on the purchase of the car, with Ronningen paying $17,000 and Weber paying $3,000.

On April 12, 2004, Weber learned that State Farm was questioning its obligation to defend and indemnify Ronningen against Teuberts' claims. On that same day, Ronningen transferred ownership of the car to Weber, and the documents listed Weber as the buyer and Ronningen as the seller. At that time, the car was determined to have been totaled and was not driveable.

The policy that State Farm issued to Weber provides that State Farm will defend and indemnify "an insured" against actions for damages for bodily injury or property damage caused by an accident resulting from the ownership, maintenance, or use of an insured car. Ronningen is not listed as an insured. In addition to Weber, an "insured" under the policy includes any person driving with Weber's consent. Teuberts contended below and argue on appeal that Ronningen was an insured under the policy as a driver with Weber's consent.

The policy does not define "consent" or state who may drive with consent. However, the parties agree that an owner of a car cannot be a driver with "consent" for purposes of automobile liability insurance. *See Fagg v. Massachusetts & Co.*, 142 Or 358, 365, 19 P2d 413 (1933) (person with a right to possess and control a car by virtue of ownership does not need "consent" to use the car); *Bolton v. Schimming et al*, 226 Or 330, 333, 360 P2d 540 (1961) (joint

ownership gives rise to right to use of vehicle by both owners without "consent" under the family purpose doctrine). It is undisputed that, if Ronningen was an owner of the car, then he could not be covered under Weber's policy as a driver with Weber's consent.

State Farm denied coverage for Teuberts' claims, for the reason that, as an owner of the car, Ronningen could not be a driver who drove the car with Weber's consent. The trial court ruled in favor of State Farm on cross-motions for summary judgment, concluding that, in light of the evidence in the summary judgment record, "no objectively reasonable juror could conclude that Ronningen did not have some ownership interest" in the car at the time of the accident, and that, as a matter of law, Ronningen could not qualify for liability coverage under Weber's policy as a permissive user of the car.

Viewing the record in the light most favorable to Teuberts, our responsibility is to determine whether there is any genuine issue of material fact and whether State Farm was entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997); *Barber v. George*, 144 Or App 370, 372-73, 927 P2d 140 (1996), *rev den*, 324 Or 560 (1997). When there are cross-motions for summary judgment and the grant of one and denial of the other are both assigned as error, both are subject to review. *Farmers Ins. Exchange v. Crutchfield*, 200 Or App 146, 152-53, 113 P3d 972, *rev den*, 339 Or 609 (2005). The only issue on appeal is whether the trial court erred in its ruling on the summary judgment motions because there is evidence from which a reasonable juror could find that Ronningen was not an owner of the car. Although, generally, ownership of a vehicle is a question of fact, *Fisher v. Pippin*, 40 Or App 421, 423, 595 P2d 513 (1979), we agree with the trial court that, on this record, no reasonable trier of fact could find that Ronningen was not an owner of the car.

A certificate of title to a vehicle provides *prima facie* evidence of ownership. ORS 802.240(1); *Wisbey v. Nationwide Mut. Ins. Co.*, 264 Or 600, 602, 507 P2d 17 (1973).

However, the presumption of ownership can be rebutted. Evidence of a person's control over the use of a vehicle may indicate that someone other than the titled owner has an ownership interest in a car. *Barber*, 144 Or App at 373-74. As Teuberts contend, the evidence concerning Weber's involvement with the car, including her payment of a portion of the purchase price, her possession and control of the car, and her purchase of insurance, is sufficient to create an issue of fact as to whether, despite not being listed on the certificate of title, Weber had an ownership interest in the car.

That is not enough, however. A reasonable factfinder must also be able to find on the record on summary judgment that Ronningen had *no* ownership interest in the car. It is possible for the evidence to show that, despite being listed as an owner on the certificate of title to a car, a person has no ownership interest in the car. For example, in *City of Pendleton v. One 1998 Dodge Stratus*, 180 Or App 72, 78, 43 P3d 339 (2002), an *in rem* civil forfeiture action, a car used by Graybill was seized in the course of a criminal investigation. The title to the car listed Graybill and his mother, Jones, as co-owners of the car. When the City of Pendleton began forfeiture proceedings under ORS 475A.005 against the car, Jones asserted that, as an innocent owner of the car, she had an affirmative defense to the forfeiture. *See* ORS 475A.085. The trial court rejected the defense, determining that, despite having given Graybill money to purchase the car and being listed as a co-owner on the title, Jones had no ownership interest in the car. We affirmed the trial court, explaining that, in light of Jones's testimony that the money to purchase the car was either a gift or a loan to Graybill, the evidence supported the trial court's finding that Jones never acquired an interest in the car, in the absence of evidence that she claimed an interest in it or used it. 180 Or App at 179.

■　　Teuberts assert that, in this case, as in *City of Pendleton*, there is evidence to support a finding that, despite his being listed as the owner of the car on the certificate of title, Ronningen never acquired an ownership interest in the car. Although there is evidence from which it could be found that, despite their overt representations, Weber and Ronningen considered, *between themselves*, that Weber was

the owner of the car, we agree with the trial court that the record does not permit a finding that Ronningen had *no* ownership interest in the car on February 20, 2004, the day of the Teubert accident. In addition to the certificate of title, evidence of Ronningen's actual ownership of the car includes his being listed as the owner on the bill of sale and the registration; his several statements that he was the owner, including statements that he made in his deposition in this case about his ownership; statements by Weber that Ronningen was the owner; evidence that Weber intended to purchase the car from Ronningen in March 2004; and the transfer of title to the car from Ronningen to Weber on April 12, 2004.

In reviewing the trial court's ruling on summary judgment, our responsibility is to determine whether there is a genuine issue as to any material fact. There is no genuine issue of material fact if, "based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." ORCP 47 C. We conclude that, in light of the evidence of Ronningen's ownership interest in the car on the date of the accident, no reasonable juror could find that Ronningen had no ownership interest in the car on that date. We therefore affirm the trial court's rulings on summary judgment.

Affirmed.