Submitted September 29, affirmed December 2, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MITCHELL DEAN SIMONSEN,
*Defendant-Appellant.*

Clatsop County Circuit Court
13CR05760; A155995

364 P3d 702

Peter Gartlan, Chief Defender, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael S. Shin, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

FLYNN, J.

## FLYNN, J.

Defendant appeals a judgment convicting him of unauthorized use of a vehicle (UUV), ORS 164.135, for taking and driving his mother's car after she denied consent.[1] He challenges the trial court's jury instructions regarding ownership of the vehicle. Defendant acknowledges that he did not preserve his assignments of error but argues that the trial court committed plain error and that we should exercise our discretion to correct the error. We conclude that the trial court did not commit plain error and, accordingly, affirm.

A person commits the crime of UUV by, as relevant here, using "another's vehicle *** without consent of the owner." ORS 164.135(1)(a). At trial, the state presented the testimony of defendant's mother, Kelly Simonsen, who stated that she owned the car and had denied defendant's request to use it because defendant's license had been suspended. Defendant, on the other hand, presented evidence that his father, Mark Simonsen, jointly owned the car with Kelly Simonsen and had given defendant permission to use the car earlier in the day. In closing remarks to the jury, defendant argued that his father was an owner of the car, had the right to give defendant permission to use the car, and had given defendant permission to use the car.

The jury instructions, however, did not match defendant's theory of defense to the UUV charge. The court provided the jury with Uniform Criminal Jury Instruction (UCrJI) 1819, which sets out the elements of UUV that the state must prove beyond a reasonable doubt. The uniform instruction contains a number of brackets indicating case-specific information that is to be inserted by the parties. *See* UTCR 6.060(3).[2] Prior to trial, the state filed

---

[1] Defendant was also charged with felon in possession of a firearm, third-degree escape, and interference with a peace officer for actions that took place after he took the vehicle. The trial court granted a judgment of acquittal on the interference with a peace officer charge before trial began, and the jury acquitted defendant of the charges of felon in possession of a firearm and third-degree escape.

[2] UTCR 6.060(3) provides:

"Requested instructions may include any <u>Uniform Oregon Jury Instruction</u> by reference only to its instruction number and title: such as 'Instruction No. 70.04—Lookout.' If the uniform instruction contains blanks

the State's Requested Jury Instructions, in which it both requested UCrJI 1819 by number and provided a version of the requested instruction that proposed case-specific text in place of the brackets. Specifically, the state's proposed substitutions included replacing the bracket "[Defendant's name]" with "Mitchell Simonsen," the bracket "[*insert appropriate culpable mental state*]" with "knowingly" and the bracket "[owner's name]" with "Kelly Simonsen." Thus, the form of instruction submitted by the state specified, in pertinent part:

"*****

"In this case, to establish the crime of unauthorized use of a vehicle, the state must prove beyond a reasonable doubt the following four elements:

"*****

"(3) Mitchell Simonsen knowingly took or operated a vehicle as described in the charge, which was owned by Kelly Simonsen; and

"(4) Mitchell Simonsen knowingly did not have the consent of the owner."

The trial court gave the state's proposed version of the uniform instruction.

Defendant had also requested UCrJI 1819 by number, but he did not offer his own version proposing case-specific substitutions for the blanks in the uniform instruction, and he did not challenge the state's proposed substitutions. Defendant now assigns error, however, to the trial court's decision to give the uniform instruction with the text requested by the state. Defendant argues that the reference to the vehicle as "owned by Kelly Simonsen" amounted to an improper comment on the evidence "by directing the jury to consider only the prosecutor's theory of the case." He contends that the instruction suggested to the jury that, in evaluating the UUV charge, the jury could not consider defendant's evidence that Mark Simonsen was a co-owner and had consented to defendant's use of the car.

---

or alternative choices, the appropriate material to complete the instruction must be supplied in the request."

(Underscoring in original.)

Defendant also assigns error to the trial court's failure to instruct the jury on the rule of joint ownership that is set out in ORS 164.105(2):

"A joint or common owner of property shall not be deemed to have a right of possession of the property superior to that of any other joint or common owner of the property."

Without an instruction on that point, defendant argues, the trial court's UUV instructions were incomplete. Thus, both of defendant's assignments of error challenge the trial court's failure to give instructions consistent with defendant's theory of the case that the jury could find him not guilty of UUV, despite the denial of consent by one co-owner, if the jury found that the other co-owner consented to defendant's use of the vehicle. Defendant concedes that he did not preserve either assignment of error but urges us to, nevertheless, exercise our discretion to correct what he contends are plain errors in the jury instructions.

Generally, under the principle of preservation, claims of error that were not raised before the trial court will not be considered on appeal. *State v. Walker*, 350 Or 540, 548, 258 P3d 1228 (2011) (citing *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000)); *see* ORAP 5.45(1); *see also State v. Whitmore*, 257 Or App 664, 666, 307 P3d 552 (2013) (stating that the purpose of preservation is "to advance goals such as ensuring that the positions of the parties are presented clearly to the initial tribunal and that parties are not taken by surprise, misled, or denied opportunities to meet an argument" (internal quotations omitted)). We review unpreserved claims of instructional error in criminal cases "pursuant to the court's traditional plain error doctrine." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Under that doctrine, to qualify as "plain error," the asserted error (1) must be an error of law; (2) must be "apparent, *i.e.*, the point must be obvious, not reasonably in dispute"; and (3) "must appear 'on the face of the record,' *i.e.*, the reviewing court must not need to go outside the record to identify the error or choose between competing inferences, and the facts constituting the error must be irrefutable." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (quoting *State v. Brown*, 310 Or 347, 355-56, 800 P2d 259

(1990)). "If each of those requirements is satisfied, the court proceeds to the second step, where it must decide whether to 'exercise its discretion to consider or not to consider the error[.]'" *State v. Serrano*, 355 Or 172, 179, 324 P3d 1274 (2014), *cert den,* ___ US ___, 135 S Ct 2861 (2015) (quoting *Ailes*, 312 Or at 382).

In examining defendant's claim that the trial court plainly erred, we consider—but do not resolve—the merits of defendant's theory that a person does not commit UUV if the vehicle is co-owned and one co-owner grants consent. *See State v. Godines*, 236 Or App 404, 413, 236 P3d 824, *rev den*, 340 Or 480 (2010) ("[W]e necessarily must examine the merits of defendant's alleged error for the sole purpose of determining whether that alleged error is an 'obvious' one." (Emphasis in original.)). Defendant argues that the alleged instructional errors are plain given our opinion in *State v. Dollar*, 181 Or App 354, 45 P3d 1014 (2002), which applies ORS 164.105(2) to UUV of a co-owned vehicle.

In *Dollar*, the defendant was convicted of UUV for driving his girlfriend's car without her permission, but there was evidence from which a jury could have inferred that the defendant also had an ownership interest in the car. 181 Or App at 356. We agreed with the defendant that the trial court erred in refusing the defendant's request for a jury instruction concerning the right of possession of a joint owner, as described in ORS 164.105(2). *Id.* at 359. We concluded that the defendant's requested instruction "was necessary because the court's general instruction did not fully explain the consequence of the possibility that [the] defendant had an ownership interest in the car." *Id.* We also held that the defendant was prejudiced by the trial court's failure to give the requested instruction because "if the jury believed that [the] defendant also owned the car, the instruction would have resulted in his acquittal." *Id.* at 360. According to defendant, *Dollar* makes it clear that the UUV instructions in this case were inadequate.

The state plausibly argues, however, that *Dollar* is distinguishable because defendant does not claim that he had an owner's right to possess the vehicle at issue. Unlike *Dollar*, in which the jury instruction dispute turned on

whether the defendant could be found guilty of using a vehicle "without consent of the owner" if he co-owned the vehicle, the dispute here turns on whether defendant could be found guilty of using the vehicle "without consent of the owner" when he had no ownership interest in the vehicle and the co-owners of the vehicle have given conflicting answers to defendant's request for consent. That question is not plainly answered by *Dollar*.

The state also makes a plausible argument that the question is not plainly answered by the language of the UUV and joint ownership statutes. As noted, the joint ownership statute provides that, when property is jointly or commonly owned, no owner has "a right of possession of the property superior to that of any other joint or common owner of the property." ORS 164.105(2). The pertinent language of the UUV statute provides that a person commits UUV when that person "takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner." ORS 164.135(1)(a). The state contends that the joint ownership statute addresses only the right of possession between co-owners, not the right of a co-owner to deny consent to use by a third party. It also contends that "one fair reading" of the UUV statute is that it applies if any owner has denied the person consent.

We do not decide whether the state's "fair reading" of the UUV statute is also the correct reading. However, we conclude that there is a reasonable dispute regarding what the legislature intended the UUV element "without consent of the owner" to mean when a vehicle has more than one owner. Because defendant's assignments of error are unpreserved, that ends our analysis.

Affirmed.